Appeal Case No.: 24-11260-AA

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

JEFFERY HAYES, party in interest as surviving heir of ERMINE HAYES,

Appellant,

v.

DIRECTOR, OWCP, et al,

Appellees.

---

## ON APPEAL FROM THE U.S. DEPARTMENT OF LABOR
(Case No. 2023-BLA-0287)

---

## PETITIONER, JEFFERY HAYES' BRIEF

John R. Jacobs, Esq.
J. Thomas Walker, Esq.
Maples, Tucker & Jacobs, LLC
2001 Park Place N., Ste. 1325
Birmingham, Alabama 35203
Phone: (205) 322-2333
jack@mtandj.com
tom@mtandj.com
Counsel for the Petitioner, Jeffery Hayes

## CORPORATE DISCLOSURE STATEMENT

Counsel for Jeffery Hayes ("Petitioner") hereby discloses any corporate affiliations of Petitioner and certifies that the following judges, attorneys, persons, association of persons, firms, partnerships, and corporations have an interest in the outcome of the above-styled cause:

**A.    Corporate Disclosure Statement**

None.

**B.    Certificate of Interested Parties**

Bland, Carrie Administrative Law Judge, U.S. Dept. of Labor

Boggs, Judith S, Chief Administrative Appeals Judge, Benefits Review Board, U.S. Dept. of Labor

Chance, Michael, Director, OWCP, U.S. Dept. of Labor

Cowin & Company, Inc.

Gersh, Daniel T. Chief Administrative Appeals Judge, Benefits Review Board, U.S. Dept. of Labor

Gilligan, Ryan Administrative Appeals Judge, Benefits Review Board, U.S. Dept. of Labor

Hayes, Ermine, Claimant, deceased

Hayes, Jeffery, Claimant and o/b/o of Ermine and Wynona Hayes

Hayes, Wynona, Claimant and o/b/o of Ermine Hayes, deceased

Jacobs, John R., Counsel for the Claimant, Maples, Tucker & Jacobs, LLC

Jones, Melissa Lin, Administrative Appeals Judge, Benefits Review Board, U.S. Dept. of Labor

Kim, Kathleen H., Attorney, U.S. Dept. of Labor

Maples, Tucker & Jacobs, LLC

Nanda, Seema, Solicitor of Labor, U.S. Dept. of Labor

Rolfe, Jonathan, Administrative Appeals Judge, Benefits Review Board, U.S. Dept. of. Labor

Romero, Jr. Lee J. Administrative Law Judge, U.S. Dept. of Labor

Shepherd, Jr., Thomas O., Clerk of the Appellate Boards, U.S. Dept. of Labor

Smith, Mary Lou, Counsel for Cowin & Company, Inc.

Su, Julie, Acting Secretary of Labor, U.S. Dept of Labor

Walker, J. Thomas, Counsel for the Claimant, Maples, Tucker & Jacobs, LLC

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner, Jeffery Hayes, does not request oral argument and feels that these issues can adequately be presented, argued, and decided based upon the briefs of the parties.

TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT…………………………………ii

STATEMENT REGARDING ORAL ARGUMENT………………………..iii

TABLE OF CONTENTS………………………………………………….iv

TABLE OF AUTHORITIES..……………………………….....………..vi

STATEMENT OF THE ISSUES…………………………………………...1

SUMMARY OF THE ARGUMENT…………………………………….....2

ARGUMENT……………………………………………………………...5

    A. The ALJ's requirement that Claimant must establish a 365-day
       employment relationship with one or more operators during a calendar
       year to receive credit for one year of employment is irrational, not in
       accordance with applicable law, and fails to comply with the
       Administrative Procedure Act………………………………..5

CONCLUSION………………………………………………………...22

CERTIFICATE OF COMPLIANCE……………………………………...23

CERTIFICATE OF SERVICE………………………………...…………24

TABLE OF AUTHORITIES

CASE LAW:

<u>Federal Cases</u>:

*Adams v. Dir., Office of Workers' Comp. Programs,*
    886 F.2d 818, (6th Cir. 1989)……………………………………..……6

*Baker v. US. Steel Corp.,*
    867 F.2d 1297, (11th Cir. 1989)………………………...………….....6

*Brown v. Director, Office of Workers' Compensation Programs,*
    No. 87-7358, (11th Cir. August 15, 1988)………………………..….6

*Director, Office of Workers' Compensation Programs v. Black Diamond Coal Mining Co.,*
    598 F.2d 945, (5th Cir.1979)………………………………………….6

*Foreman v. Director, Office of Workers' Compensation Programs,*
    794 F.2d 569, (11th Cir.1986)………………………...…………………10

*Shepherd v. Incoal, Inc.,*
    915 F.3d 392, (6th Cir. 2019)……………….....…....……4,5,6,11,12,22,23

*Stomps v. Director, Office of Workers' Compensation Programs,*
    816 F.2d 1533, (11th Cir.1987)……………………….……………….10

<u>Benefits Review Board</u>:

*Baldwin v. Island Creek,*
    BRB No. 21-0547…………………………………………….....4,11,18

*Clayton v. Pyro Mining Co.,*
    7 B.L.R. 1-551 (1984)…………………………………………....…13

*Crum v. Champion Coal Co., Inc.,*
    BRB No 13-0207 BLA, (Feb. 27, 2014)(unpub.)…………….....……..14

*Dawson v. Old Ben Coal Co.*, 11
     B.L.R. 1-58, 1-60, (1984)……………………………………...……………19

*Ermine Hayes v. Cowin & Company, Incorporated,*
     BRB No. 23-0287 BLA……………………………………………………10

*Muncy v. Elkay Mining Co.,*
     7 B.L.R. 1-21, 1-27 (2011)……………………………………………...13,14

*Schmidt v. Amax Coal Co.,*
     7 B.L.R. -489 (1984)……………………………………………………13

*Shupe v. Director, OWCP,*
     12 BLR 1-200, 1-202 (1989) (en banc)…………………………………10

*Vickery v. Director, OWCP*, 8
     B.L.R. 1-430 (1986)……………………………………………………19

*Wallace v. E & B Coal Co., Inc.,*
     BRB No. 19-0078 BLA, 2020WL 2619430 (Mar. 23, 2020) (unpub.)……17

Statutes:

5 U.S.C. § 554(c)(2)…………………………………….………………...…9

5 U.S.C. § 557(c)(3)(A)…………………………………….………….…...…9

30 U.S.C. § 901-944………………………………………….……………...…10

30 U.S.C. § 919(d) …………………………………………….……………...…9

30 U.S.C. § 921(c)(4)……………………………………………….…………18

30 U.S.C. § 932(a) ………………………………………………..………...1,9,10

33 U.S.C. § 921(b)(3)……………………………………………….…………10

33 U.S.C. § 921(b)…………………………………………………….…...1

33 U.S.C. § 921(c)……………………………………………….…...1,10

<u>Other Authorities</u>:

20 C.F.R. § 718.204(b)…………………………………………………....…...3

20 C.F.R. § 718.305………………….……………...……..…...8,9,18,21,22,23

20 C.F.R. § 725.101(a)(32)…………………….....…...….…..12,18,19,21,23

20 C.F.R. § 725.101(a)(32)(i)………………….…...……..….2,4,6,8,9,12,13,14,23,24

20 C.F.R. § 725.101(a)(32)(ii)…………………....……....……….....14,19

20 C.F.R. § 725.101(a)(32)(iii)…………………....…...…….12,18,20,22,23,24

20 C.F.R. § 802.301……………………....…………………………..10

## STATEMENT OF JURISDICTION

Jurisdiction of the United States Court of Appeals for the Eleventh Circuit is based on the situs of the former coal miner's last employment. Here, Ermine Hayes ("Miner" or "Claimant"), was last employed as a coal miner in Alabama while working for Cowin & Company, Inc. ("Employer"). Joint Appendix ("J.A") 10. Jurisdiction of this Court is based on the Longshoremen's Act, 33 U.S.C. § 921(c), incorporated into the Black Lung Benefits Act ("the Act") at 30 U.S.C. § 932(a). The Benefits Review Board affirmed the denial of benefits issued by the Honorable Administrative Law Judge Carrie Bland J.A. 7 The Benefits Review Board had jurisdiction under 33 U.S.C. §921(b), to hear Claimant's appeal of the denial of benefits. Petitioner appeals following the Benefits Review Board's final order that disposed of all issues and claims before the U.S. Department of Labor. Thus, this appeal is properly before this Court.

## STATEMENT OF THE ISSUES

1.  Whether the ALJ's calculation of 13.76 years of coal mine employment for Claimant, essentially requiring Petitioner to establish a 365 day relationship to be credited with one year of employment was supported by substantial evidence, in accordance with applicable law, particularly 20 C.F.R. §725.101(a)(32)(i), and complies with the Administrative Procedure Act.

### III. STATEMENT OF THE CASE

Claimant filed the instant subsequent claim for benefits under the Act on January 23, 2015. J.A. 9. The District Director denied the claim on November 28, 2016. J.A. 19. Claimant appealed and Administrative Law Judge Lee J. Romero, Jr. awarded benefits in the Decision and Order Awarding Benefits on February 8, 2018. J.A. 2. The Employer appealed this decision and the Benefits Review Board issued its Decision and Order remanding the case with instructions on June 28, 2019. J.A. 3. On December 13, 2019, ALJ Romero issued his Decision and Order on Remand awarding benefits. J.A. 4. Employer appealed the Benefits Review Board a second time and on May 20, 2021, the BRB issued its Decision and Order remanding this matter to the OALJ with instructions. J.A. 5. On April 27, 2023, ALJ Carrie Bland issued her Decision and Order on Remand Denying Benefits. J.A. 6. Hayes appealed to the Benefits Review Board and on March 11, 2024, the BRB issued its Decision and Order affirming the ALJ's denial of benefits. J.A. 7. Hayes timely appealed to this Court.

A totally disabling respiratory impairment has been established under 20 C.F.R. § 718.204(b) and is not an issue that has been appealed by the Employer. J.A.2. ALJ Bland determined that Claimant has proven through the record that he had 13.76 years of qualifying coal mine employment. J.A. 6. The Benefits Review Board affirmed Judge Bland's determination regarding length of coal mine employment. J.A. 7. There are no known Eleventh Circuit Decisions binding on the issue of whether 125 days of

coal mine employment should equate to one year of employment under the Act. The BRB has acknowledged that there is a a Decision from the Sixth Circuit addressing this issue, namely, *Shepherd v. Incoal Inc.* (citation omitted), which Claimant contends sets out the proper way for the years of coal mine employment to be calculated under the Act and its regulations. J.A. 7.

In this claim, Hayes contends that there is a circuit split concerning how to apply the calculation of years of coal mine employment. In *Baldwin v. Island Creek*, BRB No. 21-0547, the dissenting opinion by BRB Judge Buzzard recognizes that "… a fundamental aspect of a national act is extremely problematic and can lead to what may be considered arbitrary results based on where a miner performed his last coal mine employment..." J.A. 7. Judge Buzzard concurred and dissented, first outlining the potential for "incongruous results within and between claims." J.A. 7. Judge Buzzard further opined that a requirement for a miner to establish a 365-day relationship to earn one year of employment in a given calendar year was inconsistent with the language of 20 C.F.R. §725.101(a)(32)(i). J.A. 7.

Finally, Judge Buzzard noted that prior Fourth Circuit Decisions addressed claims predating the effective date of the current definition of the term "year," ultimately finding "…the Sixth Circuit's rationale persuasive, not contrary to Fourth Circuit or Board precedent, and supportive of a consistent application of the definition of "year" across all claims under the Act…" and opining the matter should be remanded "…for

4

the ALJ to consider the length of the Miner's coal mine employment (and thus applicability of the Section 411(c)(4) presumption) consistent with the holding in *Shepherd*. J.A. 7. Hayes contends that Judge Buzzard's dissent indicates and illustrates the inconsistency of application of the Act faced by the Benefits Review Board and the underlying ALJ's dependence upon the circuit in which the miner last worked. A miner who worked in the Sixth Circuit is entitled to a finding of more years of coal mine employment than a miner in the Eleventh Circuit even when both miners had the same employment history. Therefore, the location of the miner's work could lead to one miner being awarded benefits and another being denied. This exact scenario is the issue presented in this case. Certainly, Congress did not intend for such varying results based on the plain reading of the Act.

On appeal, Claimant submits Judge Bland improperly determined that the Claimant must establish a 365-day employment relationship in a calendar to year to be credited with a full year of coal mining employment. As a result, Judge Bland improperly determined Mr. Hayes had only 13.76 years of coal mine employment. Preventing the Claimant or other like claimants from triggering and utilizing the rebuttable presumption afforded miners with 15 years of qualifying coal mine employment and reading the Act in a manner that is restrictive does not serve the benevolent purposes of the Act.

As noted by the Eleventh Circuit Court of Appeals, "the Act, being remedial

5

legislation, should be liberally construed in favor of the claimant." *Brown v. Director, Office of Workers' Compensation Programs,* No. 87-7358, slip opinion at 4309, 4312 (11th Cir. August 15, 1988) ("The history of [the Act] expresses a concern for miners and their right to fair compensation ..."); *Director, Office of Workers' Compensation Programs v. Black Diamond Coal Mining Co.,* 598 F.2d 945, 951 (5th Cir.1979) ("One purpose of the 1977 amendments [to the Act] was to liberalize benefits for claimants."). *Baker v. US. Steel Corp.,* 867 F.2d 1297, 1299 (11th Cir. 1989). Similarly, the Sixth Circuit Court of Appeals, when interpreting years of coal mine employment stated "[t]his court has often repeated that the [BLBA] is remedial legislation that should be liberally construed so as to include the largest number of miners within its entitlement provisions." *Adams v. Dir., Office of Workers' Comp. Programs,* 886 F.2d 818,825 (6th Cir. 1989) (citations omitted). *Shepherd v. Incoal, Inc.,* 915 F.3d 392,402 (6th Cir. 2019).

Judge Bland's calculation of years of coal mine employment is a restrictive reading of the Act and does not support the remedial nature wherein the calculation should be made in favor of the Claimant.    Specifically, Judge Bland failed to properly apply the regulation outlining the definition of one year "for all purposes under the Act", 20 C.F.R. §725.101(a)(32)(i), particularly as it relates to the appropriate coal mine employment length calculations for years in which a miner's employment does not reach a full calendar year. Accordingly, this Court should reverse Judge Bland's Decision and

Order Denying Benefits and the subsequent decision affirming the denial of benefits issued by the Benefits Review Board, and remand with instructions consistent with Petitioner's argument herein.

## SUMMARY OF THE ARGUMENT

Claimant contends the ALJ's analysis improperly requires Claimant to establish a 365-day employment relationship with one or more operators during a calendar year to be credited with one year of employment. This requirement has the potential to lead to absurd and inequitable results between and within claims. Further, proper application of the relevant regulation, utilizing the plain language contained within same, used to define the term "year," 20 C.F.R. §725.101(a)(32)(i), entitles Claimant to a year of coal mine employment in any given year in which his earnings establish at least 125 working days. Claimant submits Judge Bland improperly determined that the Claimant established only 13.76 years of coal mine employment. Judge Bland failed to properly apply the regulation outlining the definition of one year, 20 C.F.R. §725.101(a)(32)(i), ignoring the regulation's plain directive that individuals with more than 125 days of employment in a given year are to receive credit for a year of employment for all purposes under the Act. When properly calculated, the evidence establishes more than 15 years of coal mine employment. This figure, when accompanied by the undisputed finding that Claimant suffers from total pulmonary disability, invokes the rebuttable presumption at 20 C.F.R. §718.305. Judge Bland incorrectly determined this presumption was not applicable based on her improper calculation of Claimant's length of coal mine employment. Claimant submits the matter must be remanded with instructions that the Administrative Law Judge recalculate the length of Claimant's coal

mine employment based on the 125-day rule for receiving credit for one year of coal mine employment, which will result in invocation of the §718.305 presumption, and then determine whether the evidence proffered by the Employer is sufficient to rebut said presumption. The evidence in this case establishes that Judge Bland's holding that Claimant established 13.76 years of coal mine employment is not supported by substantial evidence, is not in accordance with applicable law, particularly 20 C.F.R. §725.101(a)(32)(i), and fails to comply with the Administrative Procedure Act. ("the APA"), 5 U.S.C. §557(c)(3)(A), as incorporated into the BLBA by 30 U.S.C. §932(a), through 33 U.S.C. §919(d) and 5 U.S.C. §554(c)(2). Thus, this Court must reverse Judge Bland's Decision and Order Denying Benefits which was affirmed by the Benefits Review Board. Claimant respectfully requests this matter be remanded with instructions to Judge Bland to calculate Claimant's length of coal mine employment in a manner consistent with the arguments herein.

## ARGUMENT

### A. Standard of Review

This appeal is from the BRB, U.S. Department of Labor, in a proceeding brought under the provision of the Black Lung Benefits Act ("BLBA"), as amended, 30 U.S.C. §§ 901-944 (2012) to wit: *Ermine Hayes v. Cowin & Company, Incorporated,* BRB No. 23-0287 BLA, which affirmed Administrative Law Judge Carrie Bland's Decision and Order on Remand Denying Benefits. Hayes timely appealed, as of right, and jurisdiction for this appeal is pursuant to 33 U.S.C. § 921(c). This appeal arises within the jurisdiction of the United States Court of Appeals for the Eleventh Circuit, as Claimant performed his coal mine employment in Alabama. *See Shupe v. Director, OWCP*, 12 BLR 1-200, 1-202 (1989) (en banc)

The scope of review in this case is limited to determining whether the Board erred by upholding the ALJ's decision. In making this determination we recognize that "[t]he Board is required to uphold the ALJ's decision if it is in accordance with the law and supported by substantial evidence from the entire record." *Stomps v. Director, Office of Workers' Compensation Programs*, 816 F.2d 1533, 1534 (11th Cir.1987); *Foreman v. Director, Office of Workers' Compensation Programs*, 794 F.2d 569, 570 (11th Cir.1986). See 30 U.S.C. Sec. 932(a); 33 U.S.C. Sec. 921(b)(3); 20 C.F.R. Sec. 802.301 (1985).

**B. The ALJ's requirement that Claimant must establish a 365-day employment relationship with one or more operators during a calendar year to receive credit for one year of employment is not supported by substantial evidence, not in accordance with applicable law, and fails to comply with the Administrative Procedure Act.**

Judge Bland failed to act in accordance with the applicable law and the plain language of the Act in reaching her determination Claimant had established 13.76 years of coal mine employment. This finding was first enumerated in the April 27, 2023 Order. J.A. 6. Both ALJ Bland and the BRB contend that they cannot calculate years of coal mine employment using the method adopted by the Sixth Circuit in *Shepherd*, because the Eleventh Circuit has not specifically adopted the Sixth Circuit's holding that 125 working days equals one calendar year of coal mine employment. J.A. 6,7. The BRB's opinion in this case highlights the inconsistencies in interpretation of one year of coal mine employment.  In the instant case, ALJs Romero and Bland calculated length of coal mine employment differently.  ALJ Romero found 17.55 years and ALJ Bland 13.76 years when reviewing the same evidence.  J.A. 4,6.

Recently, Judge Buzzard in his dissent of the Benefits Review Board's July 14, 2023 Decision and Order in *Baldwin v. Island Creek Kentucky Mining*, BRB No. 21-0547 highlighted the BRB's inconsistencies in crediting one "year" of coal mine employment stating:

…requiring a miner to establish a 365-day employment

11

relationship as a prerequisite to earning one year of employment ignores the regulations' clear instruction that if a miner had "at least 125 working days during a calendar year...then the miner has worked one year in coal mine employment for all purposes under the Act. 20 C.F.R. §725.101(a)(32)(i)...

20 C.F.R. § 725.101(a)(32) states: "*Year* means a period of one calendar <u>year</u> (365 days, or 366 days if one of the days is February 29), or partial periods totaling one <u>year</u>, during which the <u>miner</u> worked in or around a coal mine or mines for at least 125 'working days.'" Claimant contends that where he worked in a coal mine for at least 125 days in one year should be considered a "year" for the purposes of calculating the length of coal mine employment consistent with Act cited by Judge Buzzard. This is the plain reading of 20 C.F.R. § 725.101(a)(32) and has been confirmed by the 6th Cir. in *Shepherd v. Incoal, Inc.,* 915 F.3d 392, 401 (6th Cir. 2019)(holding that "[I]f the miner was employed by a coal mining company for 365 (or 366 days if one day is February 29) *and* the miner worked for at least 125 days in or around a coal mine, the miner clearly establishes one year of coal mine employment.") Furthermore, the *Shepherd* court held that:

> [I]f the beginning and ending dates of the miner's employment cannot be determined *or* – even if such dates are ascertainable – if the miner was employed by the mining company for 'less than a calendar year,' the adjudicator may determine the length of coal mine employment by dividing the miner's yearly income from coal mine employment by the average daily earnings of an employee in the coal mining industry. If the quotient from that calculation yields at least 125 working days, the miner can be

12

credited with a year of coal mine employment, regardless of the actual duration of employment for the year. 20 C.F.R. § 725.101(a)(32)(iii). *Id* at 402.

As is noted below herein, the Eleventh Circuit has not addressed this issue. As the employment of the Miner varied between coal mines and other types of mines, the listing provided at DX9 is the best guide as to the dates that the Miner worked as a coal miner under the Act.

Under the regulations, if the evidence establishes that a miner worked in or around coal mines during at least 125 working days during a calendar year, or partial periods totaling one year, then the Claimant would be considered to have worked one year in coal mine employment. If a miner worked fewer than 125 days in one year, then the miner has worked a fractional year based on a ratio of the actual number of days worked to 125[1]. See § 725.101(a)(32)(i). Calculating the length of coal mine employment may be based on any reasonable method so long as it is supported by substantial evidence in the record considered as a whole. *Clayton v. Pyro Mining Co.,* 7 B.L.R. 1-551 (1984); *Schmidt v. Amax Coal Co.,* 7 B.L.R. -489 (1984); *Muncy v. Elkay Mining Co.,* 7 B.L.R. 1-21, 1-27 (2011).

---

1Proof of working six months or greater should demonstrate the requisite 125 days at a minimum. The Miner stated that he worked from 5-7 days a week with the Responsible Operator. At six days a week that would yield 156 calendar days.

In determining length of coal mine employment, it is proper to consider evidence from a variety of sources, including affidavits of co-workers, Social Security Records, sworn testimony, written statements of the miner (including the form CM-91 la), records of the employer, and pension records. § 725.101(a)(32)(ii); *Muncy,* 25 B.L.R. 1-21 (finding that the formula set forth at§ 725.10l(a)(32)(i) may be used, but it is not mandatory; it was proper to use the miner's Social Security records, employment history form, and records from former employers). Moreover, the Benefits Review Board has held that the administrative law judge is not required to apply the same method of calculation for years in which the beginning and ending dates of employment cannot be determined, and for those years in which the claimant's employment spanned a full calendar year with one employer, consistent with the regulatory definition of a "year" and its calculation. *Crum v. Champion Coal Co., Inc.,* BRB No 13-0207 BLA, slip op. at 8 (Feb. 27, 2014)(unpub.) Based on the evidence of record, there is sufficient evidence before this Court to determine the dates when the Miner worked in underground coal mine construction.

Not all years of the miner's coal mine employment are in dispute. Claimant worked in coal mine employment from 1958 through 1986, with six of those years being full years of coal mine employment. (Years 1966, 1971, 1972, 1976, 1979 and 1985. J.A. 5 at 6.) It is the remaining years of coal mine employment over this twenty-eight-year span that are in contention. The following chart indicates the periods of

Claimant's employment based upon the submission relied upon by the Administrative Law Judge as most credible:

| Year | Mine Location | Dates | Job Time | Year Total | Greater than 125 Days |
|------|---------------|-------|----------|------------|----------------------|
| 1958 | TCI Mulga Coal AL. Power - Gorgas | April 5-28 to 12-31 | 2 months 7 months | 9 months | 9 months |
| 1959 | AL. Power - Gorgas | 1-1 to 1-31 | 1 month | 1 month | |
| 1964 | Clinchfield Coal | 8-23 to 12-30 | 4 months 5 days | 4 months, 5 days | |
| 1965 | Southeastern Elec Al. By-Products | 1-2 to 2-3 9-7 to 12-31 | 1 month 3 months 23 days | 4 months, 23 days | |
| 1966 | Al. By-Products Southeastern Elec AL. Power - Gorgas | 1-1 to 7-20 7-21 to 11-12 11-14 to 12-31' | | 1 year | Yes |
| 1967 | AL. Power - Gorgas | 1-2 to 1-25 | 23 days | 23 days | |
| 1970 | Al. By-Products | 10-7 to 12-31 | 2 months 25 days | 2 months 25 days | |
| 1971 | Al. By-Products Steams Coal Co. | 1-1 to 11-2 11-14-to 12-20 | 10 months 1 month | 11 months | Yes |
| 1972 | Eastern Assoc. Jim Walter Res. | 1-3 to 2-4 2-7 to 12-31 | 1 month 11 months | 1 year | yes |
| 1973 | Jim Walter Res. | 1-1 to 12-31 | 1 year | 1 year | Yes |
| 1974 | Jim Walter Res. | 1-1 to 1-18 | 17 days | 17 days | |
| 1975 | Jim Walter Res. US Steel | 2-10 to 7-18 7-21 to 12-31 | 5 months 1 week 5 months 1 week | 10 months 2 weeks | yes |
| 1976 | US Steel | 1-1 to 12-31 | 1 year | 1 year | Yes |
| 1977 | US Steel | 1-1 to 10-31 | 10 months | 10 months | Yes |
| 1978 | Jim Walter Res. Ranger Fuel US Steel | 4-5 to 7-20 8-21 to 9-1 9-4 to 12-31 | 3 months 20 days 10 days 4 months | 8 months | yes |
| 1979 | US Steel | 1-1 to 12-31 | 1 year | 1 year | yes |
| 1980 | Jim Walter Res. | 1-2 to 9-19 | 8 months 19 days | 8 months 19 days | yes |

15

| 1981 | Al. By-Products | 11-4 to 12-31 | 2 months | 2 months | |
| 1982 | Al. By-Products Pittston Coal Jim Walter Res. | 1-1 to 7-23 | 7 months | | |
| | | 8-2 to 12-3 | 4 months | | |
| | | 12-6 to 12-31 | 1 month | 1 year | yes |
| 1983 | Jim Walter Res. Peabody Coal | 1-1 to 6-10 | 5 months 1 week | 6 months | |
| | | 9-22 to 10-11 | 3 weeks | | |
| 1984 | Al. By-Products Jim Walter Res. | 4-9 to 10-25 | 6 months | 8 months | yes |
| | | 10-26 to 12-31 | 2 months | | |
| 1985 | Jim Walter Res. | 1-1 to 12-31 | 1 year | 1 year | Yes |
| 1986 | Jim Walter Res. Peabody Coal | 1-1 to 3-7 | 2 months | 6 months | yes |
| | | 6-22 to 10-17 | 4 months | | |

For the years that the Miner did not work twelve months in coal mine employment he worked the following partial years that should meet the 125-day threshold: 1958 (9 months), 1975 (10.5 months), 1977 (10 months), 1978 (8 months), 1980 (8.5 months), 1982 (12 months), 1983 (6 months), 1984 (6 months), 1986 (6 months). This would give the Miner an additional nine years of coal mine employment, for a total of 16 calendar years of 125 days or greater.

The Miner worked the following partial years in coal mine employment: 1959 (1 month), 1964 (4 months, 5 days) 1965 (4 months, 23 days), 1967 (23 days), 1970 (3 months), 1974 (17 days), 1981 (2 months). This would calculate to approximately 16 months of additional coal mine employment, or in excess or two additional years where the Miner worked for greater than 125 days as a coal miner.

16

The evidence and regulations provide a simple way to determine the length of coal mine employment for the Miner. There are enough years in the record that would allow the Miner to establish that he has over eighteen years of underground coal mine employment. Accordingly, the Miner should be entitled to the fifteen-year presumption under the Patient Protection and Affordable Care Act. As the Miner has met all other criteria to establish entitlement under the Black Lung Benefits Act, and accordingly benefits should be reinstated.

Again, Judge Buzzard's dissent in Baldwin encapsulates the inherent flaw, and inconsistency with the applicable regulation, incurred when utilizing the Employer and ALJ Bland's analysis:

> The second, more fundamental flaw is that the ALJ's analysis reflects a common, yet mistaken view that a miner cannot be credited with one year of coal mine employment unless he first establishes a 365-day employment relationship with one or more operators during a calendar year. Under this approach, anything short of a 365-day employee-employer relationship entitles a miner to credit for less than one year of coal mine employment and affords whichever ALJ is assigned the case near-absolute discretion to determine how to calculate that partial amount.
>
> This of course, leads to incongruous results within and between claims. A miner who is on an operator's payroll from January I through December 31, but receives pay for working "in or around a coal mine" only 125 days that year, is entitled to credit for one full year of coal mine employment towards invoking the Section 411 ( c )( 4) presumption. That same miner, or a miner in a different claim, who is on an operator's payroll from January 1 through September 30, but receives pay for 225 working days that year, will be credited with less than one year, with the specific length of the partial year left to the ALJ's discretion. For

example, under the current ALJ's approach, that miner would receive credit for .75 of a year (273 days employed divided by 365 days in a year); another ALJ, however, might credit the miner with .90 of a year (225 working days divided by a presumed 250 work-day-year). See, e.g., *Wallace v. E & B Coal Co., Inc.*, BRB No. 19-0078 BLA, 2020WL 2619430 (Mar. 23, 2020) (unpub.) (ALJ required the claimant to prove 250 working days to be credited with one year, i.e., a 50-week work year and 5-day work week).

In either example, the miner would receive less than one year of coal mine employment despite having eighty percent more "working days" than the miner who was credited with a full year (225 working days versus 125). And while the differences in these calculations (.75 year, .90 year, 1 year) might seem relatively minor, they matter a great deal when determining whether a claimant can invoke the Section 41 l(c)(4) presumption and thereby shift the burden to the employer to disprove either that the miner has pneumoconiosis or that his disability or death is due to pneumoconiosis. 30 U.S.C. §921(c)(4).

J.A. 32-33.

Claimant submits that Judge Bland's determination regarding the length of employment in the years of partial employment represents an improper application of 20 C.F.R. §725.101(a)(32), in particularly subsections (i) and (iii). The latter section outlines that in the event "...the miner's employment lasted less than a calendar year, then the adjudication officer may use the following formula: divide the miner's yearly income from work as a miner by the coal mine industry's average daily earnings for that year, as reported by the Bureau of Labor Statistics..." 20 C.F.R. §725.101(a)(32)(iii). Had the administrative law judge engaged in the appropriate analysis and calculation under this regulation, consistent with Claimant's position

18

and that advocated by Judge Buzzard in his dissent in *Baldwin* above, Claimant would almost certainly be found to have worked at least 15 years in the coal mining industry, thereby entitling him to the §718.305 presumption, considering the confirmed finding of total disability. Accordingly, Claimant submits this matter must be remanded with instructions that the ALJ determine the length of coal mine employment in a manner consistent with the arguments outlined by Claimant.

The Black Lung Benefits Act does not provide specific guidelines for computing the length of a miner's employment. *Vickery v. Director, OWCP*, 8 B.L.R. 1-430 (1986). The regulations define a year of coal mine employment as "a period of one calendar year…or partial periods totaling one year, during which the miner worked in or around a coal mine or mines for at least 125 'working days'". A "working day" is "any day or part of a day for which the miner received pay for work as a miner" 20 C.F.R. §725.101(a)(32). *See Dawson v. Old Ben Coal Co.*, 11 B.L.R. 1-58, 1-60, n.1 (1984). If a miner's coal mine employment spanned a calendar year, or partial periods totaling a calendar year, it is presumed that he "spent at least 125 working days in such employment". 20 C.F.R. §725.101(a)(32) (ii).

In the instant case, the central legal question becomes the appropriate figure to credit Claimant in each of the years in which his employment relationship with Employer did not endure for the full calendar year. Fortunately, the plain language of the regulation offers guidance:

(iii) If the evidence is insufficient to establish the beginning and ending dates of the miner's coal mine employment, *or the miner's employment lasted less than a calendar year*, then the adjudication officer may use the following formula: divide the miner's yearly income from work as a miner by the coal mine industry's average daily earnings for that year…

20 C.F.R. Section 725.101(a)(32)(iii)(emphasis added.).

In this case, while the beginning and ending dates of employment in Claimant's partially credited years with Employer are reasonably ascertainable, it is equally apparent that Claimant worked less than a calendar year. Therefore, under the regulation, it is not sufficient to merely divide the number of days employed by 365 to arrive at the partial credit figure. Rather, the regulation specifically contemplates that the administrative law judge should compare the miner's yearly income with the coal mine industry's daily earnings for that year to arrive at an accurate length of employment for any given year of partial employment. As Judge Bland did not apply this manner of calculation to determine the appropriate figures regarding Claimant's years of partial employment, the matter should be remanded with instructions that she make the appropriate calculations.

The question then becomes what figure should be utilized to equate to one year of employment. Fortunately, the same regulation is illustrative:

(i) If the evidence establishes that the miner worked in or around coal mines at least 125 working days during a calendar year or partial periods totaling one year, then the miner has worked one year in coal mine employment for all purposes under the Act. If

20

a miner worked fewer than 125 working days in a year, he or she has worked a fractional year based on the ratio of the actual number of days worked to 125. Proof that the miner worked more than 125 working days in a calendar year or partial periods totaling a year, does not establish more than one year.

20 C.F.R. §725.101(a)(32)(i)(emphasis added).

The above regulation plainly states that establishing 125 working days during a calendar year establishes that a miner has worked one year in coal mine employment for "*all purposes under the Act.*" (emphasis added). Common sense dictates that the issue of whether a Claimant has established a sufficient employment duration to potentially invoke the presumption at 20 C.F.R. §718.305 constitutes a "purpose" under the Act. Therefore, the inescapable conclusion is that, when read as a whole, 20 C.F.R. §725.101(a)(32) stands for the proposition that a miner may establish one year of employment for purposes of invoking the presumption at 20 C.F.R. §718.305 if, despite not working for a full calendar year, the evidence otherwise establishes 125 working days for said miner in any given partial year of employment. This is also a simple calculation; to determine whether an individual worked 125 days, one should simply divide the miner's total earnings for a given year by that year's average daily earnings for coal mine workers, as provided in Division of Coal Miner Workers' Compensation Exhibit 610. This interpretation supports the Eleventh Circuits position that the Act is remedial in nature.

Claimant's employment history should have qualified him for entitlement to the presumption at 20 C.F.R. Section 718.305 afforded to miners with 15 years of qualifying employment and a totally disabling respiratory impairment. Considering the undisputed disabling impairment present, Claimant is properly entitled to the applicable presumption at 20 C.F.R. §718.305. Since Claimant was deprived of entitlement to this presumption by Judge Bland's Decision and Order, this case must be remanded with instructions that the Administrative Law Judge find that Claimant has established over 15 years of qualifying coal mine employment.

There is no case in the Eleventh Circuit specifically addressing the issue of how many days of employment in a year of partial employment is sufficient to establish one year of employment under the Act. However, in a neighboring Circuit, the Court recently addressed this specific issue and held consistent with the above interpretation of what constitutes one year of coal mine employment for purposes of invoking the presumption at 20 C.F.R. § 718.305. The United States Court of Appeals for the Sixth Circuit, in *Shepherd v. Incoal, Inc.*, 915 F.3d 392 (2019), is the only federal court to squarely address whether a finding of 125 working days under the formula at 20 C.F.R. §718.101(a)(32)(iii) establishes one year of coal mine employment, even where the miner and employer did not have a 365-day employment relationship. 915 F.3d 392 (2019). In holding it does, the court determined that the "unambiguous" language of the regulation provides four distinct methods to

22

establish one year of coal mine employment. Under the fourth method, set forth by the "plain language" of subparagraph (iii):

> I]f the beginning and ending dates of the miner's employment cannot be determined or – even if such dates are ascertainable – if the miner was employed by the mining company for "less than a calendar year," the adjudicator may determine the length of coal mine employment by dividing the miner's yearly income from coal mine employment by the average daily earnings of an employee in the coal mining industry. If the quotient from that calculation yields at least 125 working days, the miner can be credited with a year of coal mine employment, regardless of the actual duration of employment for the year. 20 C.F.R. § 725.101(a)(32)(iii). If the calculation shows that the miner worked fewer than 125 days in the calendar year, the miner still can be credited with a fractional portion of a year based on the ratio of the days worked to 125. 20 C.F.R. § 725.101(a)(32)(i).

*Shepherd at 402.*

Claimant submits the above as highly persuasive authority standing for the proposition that 125 days of qualifying coal mine employment in any year is sufficient to establish one year of employment for invoking the §718.305 presumption. As the *Shepherd* court held, interpreting the "prefatory" language of 20 C.F.R. §725.101(a)(32) as requiring in all circumstances that a miner "be on the payroll of a mining company for 365 consecutive days" to establish one year of employment effectively reads out of the regulation the recognition at subparagraph

(i)     "that working 125 days in or around a coal mine within a calendar year will

count as a year of coal mine employment 'for all purposes under the [Act]'" and the applicability of the formula at subparagraph (iii) even where "the miner's employment lasted less than a calendar year." *Shepherd*, 915 F.3d at 402-403.

## CONCLUSION

Judge Bland's Decision and Order, particularly her determination regarding length of coal mine employment, is not properly based upon the evidence of record and her calculation of the years of coal mine employment is inconsistent with the regulatory language at 20 C.F.R. §725.101(a)(32)(i) & (iii). For the reasons stated herein, Claimant respectfully requests this Court to vacate the Decision and Order Denying Benefits issued by Judge Bland and affirmed by the Benefits Review Board and remand the matter to the ALJ with instructions consistent with Claimant's arguments outlined above.

John R. Jacobs
J. Thomas Walker
Attorneys for Petitioner

OF COUNSEL:

MAPLES, TUCKER & JACOBS, LLC
2001 Park Place N., Ste. 1325
Birmingham, AL 35203
Telephone: (205) 322-2333
jack@mtandj.com
tom@mtandj.com

CERTIFICATE OF COMPLIANCE

The text of this document complies with the type-volume limit of FRAP 27(d)(2)(A) because it, excluding the parts of the document exempted by FRAP 32(f), contains 5,570 words.  Furthermore, this document complies with the typeface and type-style requirements of FRAP 32(a)(5) and FRAP 32(a)(6), respectively.

OF COUNSEL

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petitioner's Brief has been served this the 21ˢᵗ day of October, 2024, upon counsel of record by placing same in the United Statement mail properly addressed and postage pre-paid, as follows:

Michael Chance
District Director
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite C-3515, NDOL
Washington, D.C. 20210

Thomas O. Shepherd, Jr.
Clerk of the Appellate Boards
Benefits Review Board
P.O. Box 37601
Washington, D.C. 20013-7601

Mary Lou Smith, Esq.
HOWE, ANDERSON, & SMITH, P.C.
2101 L. Street, N.W., Suite 300
Washington, DC 20037

Ann Scorvino, Esq.
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, D.C. 20210

OF COUNSEL